IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| | ) Criminal No. 2:18-cr-1101-BHH |
| v. | ) |
| | ) |
| Robert Lee Brown II, | ) **ORDER** |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the Court upon Defendant Robert Lee Brown II's ("Defendant") *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 111.)  The government filed a response in opposition; Defendant filed a reply; and the matter is ripe for review.  (ECF Nos. 122, 123.)

A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement), then the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A).  *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023).

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,' " *id.* (quoting § 3582(c)(1)(A)), and the reduction is "consistent

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). "Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.' " *Bond*, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A)) (citing *United States v. Kibble*, 992 F.3d 326, 331(4th Cir. 2021)).

In his motion, Defendant asserts that he is eligible for a sentence reduction because of "a sentence disparity between me and my codefendant, based on childhood trauma, harsh prison conditions, and my rehabilitation efforts." (ECF No. 111 at 5.)

After review, the Court finds no extraordinary and compelling reasons to support a sentence reduction. First, the Court notes that Defendant's alleged bases for relief do not fall within the enumerated circumstances set forth in § 1B1.13(b)(1)-(4) or (6). Furthermore, the Court does not find that Defendant has shown that his alleged bases for relief are similar in gravity to those enumerated circumstances.

As to the alleged disparity between Defendant's sentence and his codefendant's sentence, the Court notes that such a challenge is not permitted in a motion for compassionate release. Nevertheless, even if it were, the Court agrees with the government that Defendant cannot show that there is an unwarranted disparity between his sentence and his codefendant's sentence, as Defendant faced additional charges and responded differently to the government's investigation.

As to Defendant's alleged childhood trauma and the alleged harsh prison conditions, Defendant has not shown that these circumstances amount to compelling and extraordinary reasons warranting a sentence reduction.

Additionally, with respect to Defendant's rehabilitation, Congress has determined that rehabilitation alone can never constitute extraordinary and compelling reasons. *See*

§ 944(t).

Lastly, the Court notes that even if Defendant could show extraordinary and compelling reasons, the § 3553(a) factors still weigh heavily against a reduction in sentence, as the nature and circumstances of Defendant's offense and the characteristics of Defendant support his continued incarceration to protect the public and afford adequate deterrence.

Accordingly, Defendant's pro se motion for compassionate release (ECF No. 111) is **DENIED**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 23, 2025
Charleston, South Carolina